UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAKSIM TSARIONOV,

Petitioner,

v. Case No. 3:26-cv-2725-MMH-LLL

WARDEN RONNIE WOODALL, et al.,

Respondents.

# ORDER

Petitioner Maksim Tsarionov, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1; Petition) on October 7, 2026. See generally Petition. Tsarionov, a citizen of Russia, was temporarily detained at the border on November 15, 2021, and paroled into the United States two days later. Id. at 13. On September 29, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Tsarionov. Id. at 16. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 50–51.

Tsarionov argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Id. at 37–39. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border,

whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Tsarionov, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Tsarionov was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Tsarionov's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Tsarionov an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Tsarionov, they shall

---

[1] Because the Court finds that Tsarionov is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Tsarionov is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026)

facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

(“Because a bond hearing provides adequate procedure, the ‘comfortable majority position’ remains that a habeas petitioner is entitled only to a bond hearing, not immediate release.” (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).